FILED

MAR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S.R. CURRY, | No. 08-55476 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-09992-VBF-JWJ |
| v. | |
| LEROY D. BACA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Sirlasie Rayshon Curry appeals from the grant of summary judgment in

favor of Sheriff Leroy Baca, Undersheriff William Stonich, Lieutenant Jack

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Jordan, and Deputies Agostino Brancanto and Joseph Garrido ("Appellees").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1. Section 1983 Excessive Force Claims.** The district court correctly concluded that Curry's § 1983 excessive force claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Cunningham v. Gates*, 312 F.3d 1148, 1154-55 (9th Cir. 2003). Curry was convicted by a jury of two counts of assault on a peace officer with a semi-automatic firearm, in violation of California Penal Code § 245(d)(2). To find Curry guilty, the jury necessarily had to decide that the officers did not use excessive force "at the time of the arrest." *People v. White*, 101 Cal. App. 3d 161, 166 (Ct. App. 1980). The time of the arrest is "the time during which the arrest is being effected." *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) (en banc). Because Curry's § 1983 claims, which allege that the officers used excessive force in effecting his arrest necessarily imply the invalidity of his underlying assault convictions; they are barred by *Heck*. *See Cunningham*, 312 F.3d at 1154-55.

---

[1] The district court granted summary judgment in favor Appellees on Curry's Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Curry does not appeal the grant of summary judgment on his RICO claims.

2

Curry argues that his § 1983 claims do not necessarily imply the invalidity of his conviction because, he claims, he assaulted the officers prior to "the time during which the arrest [was] being effected." *Smith*, 394 F.3d at 696. "A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not 'necessarily' rendered invalid by the officers' subsequent use of excessive force in making the arrest." *Id.* However, while "'the time of the arrest' does not include previous stages of law enforcement activities that might or might not lead to an arrest, such as conducting an investigation," *id.*, it does include police conduct that "falls within the temporal scope of [the] crime." *Cunningham*, 312 F.3d at 1154. The allegedly excessive police conduct here—shooting Curry while pursuing him—falls within the temporal scope of the assault because the moment Curry pointed his firearm at the officers, they began pursuing him. Therefore, the officers' use of force "is part of a single act for which the jury found that [Curry] bears responsibility." *Cunningham*, 312 F.3d at 1154. Therefore, we reject Curry's argument that the excessive force he claims occurred after he assaulted the officers rendered *Heck* inapplicable.

**2. Section 1985 Conspiracy Claim.** The district court properly granted summary judgment in favor of Appellees on Curry's § 1985 conspiracy claim.

3

"The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (internal quotation marks omitted). "Accordingly, [Curry] cannot sustain [his] § 1985 claim because [he] could not sustain a § 1983 claim based on the same facts." *Id.*

**AFFIRMED.**