**Harold Anthony VELARDE, an individual, Plaintiff,**

**v.**

**E. DUARTE, an individual, Defendant.**

**Civil No. 11cv0287–AJB (KSC).**

United States District Court, S.D. California.

March 19, 2013.

---

Angela K. Zugman, Law Office Of Angela K. Zugman, David J. Zugman, Burcham & Zugman APC, San Diego, CA, for Plaintiff.

Stephen A. Aronis, Office of the Attorney General, San Diego, CA, for Defendant.

## ORDER:

### (1) DENYING PLAINTIFF'S OBJECTIONS, (Doc. No. 50);

### (2) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 49); AND

### (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY, (Doc. No. 41).

ANTHONY J. BATTAGLIA, District Judge.

Plaintiff Harold Anthony Velarde ("Plaintiff"), a prisoner at Calipatria State Prison, has brought a single claim under 42 U.S.C. § 1983 based on Defendant E. Duarte's ("Defendant" or "Duarte") alleged use of excessive force in constraining Plaintiff following a riot in the prison. (Doc. No. 1.) Presently before the Court is Defendant's motion for summary judgment, (Doc. No. 41), and Magistrate Judge Crawford's Report and Recommendation ("R & R"). The R & R advises the Court to grant Defendant's motion for summary judgment and close the case. (Doc. No. 49.) Plaintiff, who is currently represented by counsel, filed timely objections to the R & R on February 13, 2013, (Doc. No. 50), and Defendant filed a response to Plaintiff's objections on February 22, 2013, (Doc. No. 51). For the reasons set forth below, Plaintiff's objections are DENIED, (Doc. No. 50), the Court ADOPTS the R & R in its entirety, (Doc. No. 49), and Defendant's Motion for Summary Judgment is GRANTED, (Doc. No. 41). The Clerk of Court is instructed to enter judgment and close the case.

## BACKGROUND

Magistrate Judge Crawford's Report and Recommendation provides a through and accurate recitation of the procedural and factual history relating to Plaintiff's § 1983 claim. (Doc. No. 49 at 1–2.) However, for the sake of completeness and ease of review, the Court reiterates the pertinent facts below.

The incident giving rise to the complaint stems from an encounter that occurred between Plaintiff and Defendant after a riot in the prison where Plaintiff is currently housed. (*Id.*) On the date of the incident, October 6, 2009, Plaintiff alleges that two correctional officers, one of which was Defendant Duarte, came to the door of Plaintiff's cell and told him to "cuff up." (*Id.* at 2–3.) Plaintiff was then handcuffed through the food porthole of his cell, the cell door was opened, and he was ordered to face the wall and walk backwards out of his cell. (*Id.* at 3.) After exiting his cell,

Plaintiff alleges that Duarte grabbed his neck from behind and slammed his face into the wall. (*Id.*) Because he was surprised by Duarte's actions, Plaintiff alleges he turned away from the wall, causing him to face Duarte, and at that point, Duarte grabbed his shoulders and pushed him forcibly to the ground using all Duarte's weight. (*Id.*) As a result of the encounter between Plaintiff and Defendant, Plaintiff was taken to the hospital, wherein he suffered a broken leg and had to undergo surgery to insert a steel plate inside his femur bone.[1] (*Id.*)

Following the incident between Plaintiff and Defendant, Plaintiff was found guilty in prison disciplinary proceeding for battery on a peace officer. (Doc. No. 41, Builteman Decl., Ex. 1, Rules Report). Plaintiff also pled *nolo contendere* in El Centro Superior Court to a single violation of California Penal Code § 243.1, battery against a custodial officer in the performance of his duties. (Doc. No. 41, Def.'s RJN, Ex. C at 9–10.)[2] Plaintiff filed the operative complaint on February 10, 2010, alleging a single cause of action for excessive force against Defendant Duarte. (Doc. No. 1.) As of the date of this Order, neither the prison disciplinary proceeding nor the § 243.1 conviction has been overturned or invalidated. (Doc. No. 49 at 13:18–22.)

### LEGAL STANDARDS

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).

### II. Summary Judgment

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to a material fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (stating that a material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such

---

1. According to Plaintiff his leg was broken during the incident because his body was in a weakened state due to a prior injury from a gunshot wound. (*Id.*) Plaintiff attached the "Operative Report" from Alvarado Hospital describing the surgery that was performed on his leg. (Doc. No. 1, Ex. 1.)

2. The R & R granted Defendant's request for judicial notice finding court documents from another case appropriate for judicial notice. *See U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). The Court concurs in this finding.

that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.,* 343 F.3d 1107, 1112 (9th Cir.2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.; Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1103 (9th Cir.2008).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex,* 477 U.S. at 322, 324, 106 S.Ct. 2548. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir.1986). Instead, the non-movant must designate which specific facts show that there is a genuine issue for trial. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in their favor. *See id.*

### DISCUSSION

### I. Summary of the Report and Recommendation's Findings

Magistrate Judge Crawford recommended summary judgment in favor of Duarte based on the favorable termination doctrine, as articulated by the United States Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (Doc. No. 49 at 3–6.) Specifically, Judge Crawford found that in order for Plaintiff to prevail on his § 1983 claim he would have to prove facts fundamentally inconsistent with: (1) the findings made by the Senior Hearing Officer ("SHO") in the prison disciplinary proceeding; and (2) his criminal battery conviction pursuant to California Penal Code Section 243.1. (*Id.* at 10:13–11:4, 12:22–13:22.) Accordingly, because Plaintiff did not submit any evidence or even suggest that he could succeed in invalidating or overturning the findings made in the prison disciplinary proceeding and/or his criminal battery conviction, Judge Crawford found Plaintiff was precluded from bringing his excessive force claim against Defendant Duarte. (*Id.* at 13:16–22.)

### II. Objections to the Report and Recommendation

Plaintiff makes several overlapping objections to the R & R, essentially arguing that *Heck v. Humphrey* does not bar his § 1983 action against Duarte. (Doc. No. 50 at 2:8–17.) Notably, Plaintiff contends that even though he pled *nolo contendere* to California Penal Code § 243.1, battery on a custodial officer in the performance of his duties, he can proceed with his § 1983 claim for excessive force because the law does not allow Duarte to use "any and all amounts of force" to effectuate an arrest. (*Id.* at 2:25–27.) Although these same and/or substantially similar arguments were previously raised and summary judgment in favor of Duarte was nonetheless recommended, the Court makes a *de novo* determination of those portions of the R & R in light of Plaintiff's instant objections. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Accordingly, the Court first outlines the favorable termination doctrine under *Heck v. Humphrey,* and then addresses why Plaintiff's conviction under § 243.1, even if the result of a *nolo contendere* plea, bars his instant § 1983 claim because the factu-

al circumstances underlying all claims arise from the same temporal occurrence.

### A. The "Favorable Termination" Doctrine

■ In *Heck v. Humphrey*, 512 U.S. at 486–87, 114 S.Ct. 2364, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." Thus, if a plaintiff seeks damages based on claims that would "necessarily imply the invalidity" of an underlying conviction or sentence, 512 U.S. 477, 489–90, 114 S.Ct. 2364, and the plaintiff has not shown that the conviction or sentence has already been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a § 1983 claim for damages cannot be maintained and the complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.1997). This has come to be known as the "favorable termination" doctrine. *See Heck*, 512 U.S. at 492, 114 S.Ct. 2364.

■ In other words, if a criminal conviction, prison disciplinary hearing, or other judgment "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). Thus, to determine whether *Heck* bars a claim for damages arising from a prison disciplinary hearing or other conviction,

the court must examine "not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir.1996). *See also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir.2003) (finding that the favorable termination doctrine "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"); *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir.1999).

#### 1. California Penal Code § 243.1, Battery of a Custodial Officer

■ Plaintiff primarily contends that his conviction under California Penal Code § 243.1, battery of a custodial officer in the performance of his duties, does not bar his § 1983 claim because the law does not afford Duarte the right to use any and all force to effectuate an arrest. However, because Plaintiff was previously convicted of California Penal Code § 243.1, and such conviction has not been overturned or invalidated, Plaintiff's excessive force claim is clearly barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364. *See Cunningham v. Gates*, 312 F.3d 1148, 1154–55 (9th Cir.2003).

■ A conviction under § 243.1 requires a showing of three elements: (1) *that the custodial officer was acting within the scope of his or her duties*; (2) that the prisoner willfully and unlawfully touched the custodial officer in a harmful or offensive manner; and (3) a finding that when the prisoner acted, he knew, or reasonably should have known, that the custodial officer was performing his duties. *People v. Gutierrez*, 174 Cal.App.4th 515, 521, 94 Cal.Rptr.3d 228 (Cal.Ct.App.2009) (emphasis added). *A custodial officer is acting within the scope of his or her duties only*

when he or she acts reasonable and without excessive force. *Id.* at 525, 94 Cal. Rptr.3d 228 ("A custodial officer is not lawfully performing his duties if he is using unreasonable or excessive force in his duties."); *People v. White,* 101 Cal.App.3d 161, 164, 161 Cal.Rptr. 541 (Cal.Ct.App. 1980) (finding that "where excessive force is used in making what otherwise is a technically lawful arrest, the arrest becomes unlawful and a defendant may not be convicted of an offense which requires the officer to be engaged in the performance of his duties). Therefore, to the extent Plaintiff is alleging that Defendant Duarte used excessive force during the incident giving rise to his § 1983 claim, the Court finds the § 1983 claim is in direct contradiction to the first element of California Penal Code § 243.1. Accordingly, because Plaintiff's conviction has not been overturned or invalidated, it is barred by the favorable termination doctrine outlined in *Heck.*[3]

■ Moreover, to the extent Plaintiff contends that his § 1983 claim does not necessarily imply the invalidity of his § 243.1 conviction because they arise from two separate temporal occurrences, and/or his § 243.1 conviction was the result of a *nolo contendere* plea, the Court finds both arguments without merit. First, although *Heck* does not bar excessive force claims based on police conduct that occurred "separate and independent" from the facts giving rise to the plaintiff's prior conviction, *Smith v. City of Hemet,* 394 F.3d 689, 698–99 (9th Cir.2005), where the alleged wrongful conduct that forms the basis of the § 1983 claim "is part of a single act" for which the plaintiff was already convict-

ed, *Cunningham v. Gates,* 312 F.3d 1148, 1154 (9th Cir.2003), *Heck* bars such claims. *See, e.g., Curry v. Baca,* 371 Fed.Appx. 733, 734 (9th Cir.2010). Here, the conduct that forms the basis for Plaintiff's § 1983 claim is the same exact conduct, specifically the same fifteen to twenty seconds, that was considered when Plaintiff was convicted of § 243.1. (Doc. No. 41, Aronis Decl., Ex. B, Plaintiff's Depo. at 64:17–66:20.) Moreover, this was specifically admitted to by Plaintiff in his deposition, wherein he stated that the whole instant occurred instantaneously and was all "back to back." (*Id.* at 66:12–20.) Accordingly, any argument that the factual circumstances underlying Plaintiff's § 1983 claim and his § 243.1 conviction arise from two separate "temporal occurrences" is without merit and contrary to Plaintiff's own admissions. *See Cunningham v. Gates,* 312 F.3d 1148 (9th Cir.2002).

Finally, although not explicitly raised by Plaintiff as an objection to Magistrate Judge Crawford's findings, Plaintiff infers that his § 243.1 conviction does not bar his instant § 1983 action because the conviction was obtained pursuant to a plea of *nolo contendere.*[4] The Court is not inclined to agree. Pursuant to California Penal Code § 1016(3), a plea of *nolo contendere* "shall be considered the same as a plea of guilty," and is the equivalent of a conviction for purposes of *Heck. See Nuno v. County of San Bernardino,* 58 F.Supp.2d 1127, 1135 (C.D.Cal.1999). Thus, even though § 1016(3), to the extent it applies in federal court, prevents the use of Plaintiff's *nolo* plea against him "as an admission," under *Heck,* what is relevant

---

3. Because the Court finds Plaintiff's conviction under California Penal Code § 243.1 would necessarily be negated should his § 1983 action prevail, the Court need not address the viability of the prison disciplinary proceeding in right of Plaintiff's instant § 1983 claim. (Doc. No. 50 at 4.)

4. Specifically, Plaintiff argues that his "plea establishes that he violated the law in the minimal way possible. It did not establish that he gave Duarte cause to break his leg." (Doc. No. 50 at 2:15–17.)

about Plaintiff's *nolo* plea and resulting conviction is the mere fact of its existence. *Id.* Therefore, even if Plaintiff's *nolo contendere* plea established that he violated the law "in a minimal way," his plea also conclusively established each element of § 243.1; most importantly, that Defendant Duarte did not use unreasonable or excess force to effectuate Plaintiff's confinement. Accordingly, the Court finds Plaintiff's § 1983 action is barred by *Heck* despite being the result of a *nolo contendere* plea.

### CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiff's objections, (Doc. No. 50); ADOPTS the R & R in its entirety, (Doc. No. 49); and GRANTS Defendant Duarte's motion for summary judgement, (Doc. No. 41). The Clerk of Court is instructed to enter judgment and close the case.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

[Doc. No. 41]

KAREN S. CRAWFORD, United States Magistrate Judge.

Plaintiff Harold Anthony Velarde, a state prisoner now proceeding through counsel, filed a Complaint under the Civil Rights Act, 42 U.S.C. Section 1983, alleging a single cause of action for excessive force against defendant E. Duarte, a correctional officer at the prison where plaintiff is housed. [Doc. No. 1.] Currently pending before the Court is defendant's Motion for Summary Judgment. [Doc. No. 41.] Based on the moving and opposing papers, the evidence presented, and the relevant law, it is RECOMMENDED

that defendant's Motion for Summary Judgment be GRANTED.

### I. Background

The Complaint alleges that after a riot occurred in the prison on October 6, 2009 two correctional officers came to the door of plaintiff's cell and told him to "cuff up." Defendant Duarte was one of the officers. After plaintiff was handcuffed through the food porthole of his cell, the cell door was opened, and he was ordered to face the wall and walk backwards out of the cell. Plaintiff alleges that defendant Duarte grabbed his neck from behind and slammed his face into the wall. Because of the surprise, plaintiff claims he turned away from the wall and defendant Duarte grabbed his shoulders and pushed him down. According to plaintiff, his leg was broken during the incident due to a prior injury from a gunshot wound. He was taken to the hospital, where he had surgery to place a steel plate inside his femur bone. [Doc. No. 1, at p. 2–3.] In support of his claim, plaintiff attached an Operative Report to his Complaint describing the surgery that was performed on his leg. [Doc. No. 1–1, at pp. 1–6.]

■ As a result of the incident on October 6, 2009 that serves as the basis for the allegations in the Complaint, plaintiff was found guilty in a prison disciplinary proceeding of battery on a peace officer. [Doc. No. 41–3, at p. 17.] He also pled "no contest" in El Centro Superior Court to a violation of California Penal Code Section 243.1, battery against a custodial officer in the performance of his duties. [Doc. No. 41–2, at p. 9–10.][1]

### II. Discussion

Defendant Duarte seeks summary judgment on the ground that plaintiff's Section

---

1. Defendant's request for judicial notice is granted, as the Court can take judicial notice of court records from another case. *See, e.g., U.S. v. 14.02 Acres of Land More or Less in Fresno County,* 547 F.3d 943, 955 (9th Cir. 2008).

1983 claim is barred by the favorable termination doctrine set forth by our Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). According to defendant, the favorable termination doctrine bars plaintiff's excessive force cause of action because he was previously found guilty in a prison disciplinary proceeding and pled no contest in a state court criminal action to battery on defendant Duarte in the connection with the exact same incident that serves as the basis for his Section 1983 claim. Defendant argues that plaintiff cannot pursue his Section 1983 excessive force claim without first overturning these prior findings and convictions. Plaintiff contends that the favorable termination doctrine does not apply under the particular facts of the case.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548. If the moving party meets that burden, the burden shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. *Id.* at 324, 106 S.Ct. 2548.

### A. Favorable Termination Doctrine

In *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, the United States Supreme Court held that a plaintiff who is convicted of a crime under state law cannot seek damages in a Section 1983 action if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487, 114 S.Ct. 2364. An action must be dismissed under *Heck v. Humphrey* if the plaintiff "would have to negate an element of the offense of which he has been convicted" in order to prevail in his Section 1983 action. *Id.* at 487 n. 6, 114 S.Ct. 2364. In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which Section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery,* 79 F.3d 951, 952 (1996). In *Edwards v. Balisok,* 520 U.S. at 647–648, 117 S.Ct. 1584, the United States Supreme Court extended this rule to adverse findings in a prison disciplinary proceeding that affect a prisoner's term of confinement, such as the deprivation of good time credits. Reading *Heck v. Humphrey* and *Edwards v. Balisok* together, it is well established that "the favorable termination rule turns solely on whether a successful Section 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza,* 334 F.3d 850, 856 (9th Cir.2003).

██ A Section 1983 action should be allowed to proceed, however, if the District Court determines that success on the merits will not invalidate a conviction against the plaintiff. *Heck v. Humphrey,* 512 U.S. at 487, 114 S.Ct. 2364. In some cases, a cause of action for excessive force under Section 1983 is not barred under *Heck v. Humphrey,* because the factual basis for the conviction is divisible from the alleged use of excessive force, and, as a result, success on the merits of the claim would not necessarily imply the invalidity of a

conviction. In *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.2005), for example, Smith pled guilty to resisting arrest under California Penal Code Section 148(a)(1). *Id.* at 694. He then filed a complaint under Section 1983 alleging that police used excessive force when they sprayed him with pepper spray and instructed a police dog to attack him. *Id.* at 694–695. Defendants filed a summary judgment motion based on the favorable termination doctrine. However, the Ninth Circuit concluded that Smith's excessive force allegations were not barred under *Heck v. Humphrey*, 512 U.S. at 477, 114 S.Ct. 2364, because the facts indicated it was possible that police used excessive force against Smith after he engaged in the conduct that served as the basis of his conviction for resisting arrest. *Smith*, 394 F.3d at 699. The facts at issue were not seriously disputed. Viewed in the light most favorable to Smith as the nonmoving party, the facts indicated that he committed a number of acts constituting the crime of resisting arrest during two different phases. *Id.* at 693–694, 695–697. First, he resisted, delayed, or obstructed police during an investigatory phase before police decided to arrest him. During this phase, police issued verbal commands, all of which were within the bounds of their general police powers, and there was no physical contact between Smith and police that could constitute excessive force. During this phase, Smith refused to comply with police directives to take his hands out of his pockets or to put his hands on his head and turn around as directed so police could confirm he did not have a weapon. *Id.* at 693–694, 696–697. "Each of these acts constituted a violation of § 148(a)(1) sufficient to warrant the filing of a criminal charge." *Id.* at 697.

In the second phase, after police decided to take Smith into custody, he continued to disobey police commands in violation of Section 148(a)(1) while officers applied force to subdue him and make an arrest. *Id.* at 694, 697. Smith then pled guilty to a single count of resisting arrest without admitting a precise factual basis for the offense. *Id.* at 698. Because it was not possible to determine the factual basis for the offense, the Ninth Circuit concluded it was "entirely possible that, as Smith asserts, he pled guilty to a violation of § 148(a)(1) on the basis of his actions during the time the officers were conducting their lawful investigation." *Id.* at 698. Plaintiff could therefore pursue his excessive force claim to the extent it was based on police conduct during the second phase of his encounter with police when they were attempting to subdue him and effect an arrest, because success on the merits would not necessarily invalidate the conviction. *Id.* at 698–699.

On the other hand, an excessive force claim under Section 1983 is barred under *Heck v. Humphrey*, 512 U.S. at 477, 114 S.Ct. 2364, when the factual basis for the underlying conviction is clear, and the excessive force claim is not in any way divisible from that factual basis. For example, in *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir.2002), Cunningham's Section 1983 complaint was based on excessive force that allegedly occurred during the course of a robbery and gunfight. *Id.* at 1151–1152. While conducting surveillance based on a tip, police watched Cunningham and an accomplice rob a liquor store and run to their getaway car. *Id.* at 1151. Police officers wearing plain clothes and using unmarked cars then surrounded the getaway car to prevent an escape and a dangerous high-speed chase. *Id.* A chaotic gun battle ensued, leaving Cunningham paralyzed and his accomplice dead. Two officers were also injured in the battle. *Id.* Cunningham claimed that he acted in self defense, as the officers fired first. At the trial on the criminal charges, the jury was instructed that they could only find

Cunningham guilty of felony murder if he committed an intentional provocative act that caused the accomplice's death and the provocative act was not in self defense. *Id.* As to the attempted murder counts, the jury was also instructed that it must conclude Cunningham knew or should have known he was shooting at police officers in the performance of their official duties. *Id.* A jury convicted Cunningham of several crimes, including felony murder of his accomplice, robbery, burglary, and attempted murder of the police officers by firing a weapon at them. *Id.*

In his Section 1983 excessive force cause of action, Cunningham alleged that the plain clothes officers created a dangerous situation which was likely to result in death when they surrounded the getaway car and fired their weapons without identifying themselves as police. In other words, it was Cunningham's contention that he did not provoke the gun battle and that police deliberately created a situation that caused him to fire in self defense. *Id.* at 1152–1154. Citing *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, the officers sought summary judgment, arguing that Cunningham's claims were barred because he could not prevail on his theory of the case without implying the invalidity of his convictions. *Id.* at 1153. The Ninth Circuit agreed, stating that Cunningham's claims necessarily disputed a number of factual issues that the jury had already decided against him. To prevail on his Section 1983 excessive force claims, Cunningham would have to prove that he was not responsible for provoking the gun battle and that the officers were not acting within the scope of their duties when they surrounded the getaway car. Based on the jury instructions and the jury's verdicts in the underlying criminal action, these issues were unequivocally decided against Cunningham. Unlike the circumstances at issue in *Smith v. City of Hemet,* all of the alleged acts of excessive force by

the officers fell within "the temporal scope" of Cunningham's crimes and were not in any way divisible for purposes of the favorable termination rule. *Id.* at 1154.

In a more recent case that is similar in many respects to *Cunningham v. Gates,* 312 F.3d at 1148, the Ninth Circuit determined that an excessive force claim under Section 1983 was barred by *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, because the facts were not divisible and a jury had already decided that the deputy acted within the scope of his employment and did not use excessive force. *Beets v. County of Los Angeles,* 669 F.3d 1038, 1040, 1045 (9th Cir.2012). In this case, two accomplices fled from police in a stolen vehicle. They then left the vehicle and ran toward a truck that was parked nearby. Four officers attempted to arrest them while they were getting into the truck. The accomplices fought back and were able to start the engine, and when the driver moved the truck forward, he collided with a patrol car. The driver then backed up rapidly toward one of the deputies. Fearing for his life, the deputy shot and killed the driver. At least two other officers also fired their weapons. The truck stopped moving shortly after the driver was shot. *Id.* at 1040. The surviving accomplice was convicted by a jury of several offenses, including three counts of assault with a deadly weapon upon a peace officer. *Id.* at 1040.

The parents of the deceased accomplice filed a Section 1983 action claiming the deputy who shot and killed their son used excessive deadly force. *Id.* at 1041. They attempted to avoid the bar under *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, by arguing they should be allowed to show that the deputy was able to move to the side of the truck where he was no longer in danger before he fired, and that the shooting occurred after their son's criminal activity. *Beets,* 669 F.3d at 1042.

Relying on its earlier decision in *Cunningham v. Gates*, 312 F.3d at 1148, the Ninth Circuit concluded that it is not reasonable to separate the criminal activity from the deputy's use of force as there was overwhelming evidence that the two accomplices were forcefully resisting arrest and assaulting police officers. *Id.* at 1043. The use of force during the course of the accomplices' criminal activity successfully brought that activity to an end. *Id.* at 1044–1045. In addition, the jury had been instructed that the surviving accomplice could not be convicted of the crimes unless it first determined that the deputy was lawfully performing his duties and had not used excessive force. *Id.* at 1041. Because the jury's verdict rejected any claim that the deputy used excessive force, the parents' Section 1983 claims were barred under the favorable termination doctrine. *Id.* at 1045.

### B. Effect of Findings Made in Prison Disciplinary Proceeding

Citing *Hooper v. San Diego*, 629 F.3d 1127 (9th Cir.2011), plaintiff argues that his cause of action under Section 1983 is not barred under *Heck v. Humphrey*, 512 U.S. at 477, 114 S.Ct. 2364, because his allegations of excessive force are divisible from the finding in the prison disciplinary proceeding that he was guilty of battering defendant Duarte. Plaintiff argues that the Court "could easily conclude that [plaintiff] infracted a rule, but still has an excessive force claim for his broken leg. Nothing about the disciplinary hearing procedure required a factual finding that is necessarily inconsistent with an excessive force claim." [Doc. No. 42, at pp. 2–3 n. 2.] Plaintiff's arguments are without merit.

In *Hooper v. San Diego*, 629 F.3d at 1127, the Ninth Circuit held that "a conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on

different actions during 'one continuous transaction.' " *Id.* at 1134. When a deputy grabbed Hooper's wrist and told her she was under arrest for possession of a controlled substance, she pulled away. During the struggle that followed, Hooper ended up on the ground with the deputy sitting on her back. Viewing the facts in the light most favorable to Hooper, she struggled for a brief time on the ground by moving from side to side and stopped when the deputy was able to hold her hands behind her back. While the deputy was waiting for backup assistance to arrive, he called his canine, and the canine bit Hooper, causing significant injuries. *Id.* at 1129.

Hooper pled guilty to resisting arrest under California Penal Code Section 148(a)(1) and then filed a Section 1983 complaint for excessive force. She did not dispute the lawfulness of her arrest and conceded she resisted the officer in the course of his duties. *Id.* at 1129. "The lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1)." *Id.* at 1130. However, Hooper claimed the officer used excessive force in response to her resistance thereafter when he called upon the canine to assist him in making the arrest. *Id.* at 1129.

In reaching its conclusion that Hooper's excessive force claim was not barred under *Heck v. Humphrey*, 512 U.S. at 477, 114 S.Ct. 2364, the Ninth Circuit distinguished the case from *Smith v. City of Hemet*, 394 F.3d at 689, where the facts allowed the Court "to differentiate cleanly between two phases of the encounter with police [I]n Hooper's case, unlike in Smith's there were no distinct phases. Rather, Hooper's arrest was effectuated in a single continuous chain of events lasting a very brief time." *Id.* at 1131. In so ruling, the Ninth Circuit moved away from the earlier requirement of distinct 'divisibility' of ac-

tions, focusing instead on the interpretation that the conviction for resisting arrest and the claim for excessive force were two distinct events which occurred during one continuous chain of events. *Id.* at 1132.

*Hooper v. San Diego,* 629 F.3d 1127, is distinguishable from the facts and circumstances of this case for at least two key reasons. First, the plaintiff in *Hooper* pled guilty to resisting arrest and claimed excessive force based on acts of force that were isolated from the arrest itself and from the lawfulness of the officer's initial conduct in effecting that arrest. Because her Section 1983 claim would not invalidate the facts supporting her underlying criminal conviction, she could proceed. *Id.* at 1132–1133. Here, plaintiff's excessive force allegations are based on the exact same acts that were considered in the prison disciplinary proceeding, and these facts are not in any way divisible from the facts alleged in the Complaint. Second, *Hooper* is distinguishable because she pled guilty, so there was no jury or other fact finder that necessarily determined the facts in a manner that was inconsistent with Hooper's claim of excessive force. *Id.* at 1129. By contrast, and like *Cunningham v. Gates,* 312 F.3d at 1148, and *Beets v. County of Los Angeles,* 669 F.3d at 1038, plaintiff in this case is unable to avoid the bar in *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, because a fact finder made specific factual determinations in the course of a prison disciplinary proceeding that are fundamentally inconsistent with plaintiff's excessive force allegations against defendant Duarte. As a result, success on the merits of plaintiff's excessive force allegations in this case would necessarily imply the invalidity of the findings made in the prison disciplinary proceeding. Such a ruling would be inconsistent with *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364 and *Edwards v. Balisok,* 520 U.S. at 641, 117 S.Ct. 1584.

The official record that was made during the course of the prison disciplinary proceeding was submitted in support of defendant's Motion for Summary Judgment, along with an authenticating Declaration by a correctional administrator who is responsible for maintaining these documents in the ordinary course of the prison's operations. [Doc. No. 41–3.] The record of the prison disciplinary proceeding shows that defendant Duarte signed a Rules Violation Report shortly after the incident on October 6, 2009. Defendant Duarte explained that on October 6, 2009, he and Officer Tamayo were investigating an attempted murder of a peace officer. They approached plaintiffs cell and ordered plaintiff to place his hands in the food port so he could be handcuffed. After plaintiff's hands were secured in handcuffs, the cell door was opened. Defendant Duarte began a clothed body search for any signs that plaintiff had been involved in the earlier incident they were investigating. Plaintiff "spun his upper body towards [defendant] and attempted to strike [defendant's] facial area utilizing his forehead. [Defendant] moved [his] head out of the way ... [Plaintiff] struck the top of [defendant's] right shoulder utilizing his forehead. Defendant immediately grabbed on to [plaintiff's] arms, utilizing [his] left and right hands. Utilizing [his] strength and body weight, [defendant] forced [plaintiff] to the ground. Once on the ground, [defendant] placed [his] arms in the middle of [plaintiff's] back assisted by S & I Officer Tamayo, until [they] were able to gain compliance. [Plaintiff] stopped his aggressiveness and began to complain about his knee. Medical staff was immediately advised and requested to proceed to Housing Unit B2. Custody of [plaintiff] was relinquished to facility B staff and he was transported to the Triage Treatment Area (TTA) for further treatment...." [Doc. No. 41–3, at p. 4.]

On October 17, 2009, plaintiff requested assistance by an investigative employee. [Doc. No. 41–3, at p. 5.] On or about March 24, 2010, an investigative employee was assigned to assist plaintiff with the case, and he was able to interview witnesses. [Doc. No. 41–3, at p. 5–12.]

On April 3, 2010, a prison disciplinary hearing was held before a senior hearing officer (SHO). During the hearing, the SHO questioned another inmate who was present during the incident on October 6, 2009. This witness said it appeared plaintiff was being "ruffed up" by the officers after they placed him in handcuffs. He also said: "It seemed like they were questioning him, then it looked like they took him down." [Doc. No. 41–3, at p. 14.] When asked how plaintiff ended up on the floor, the witness said, "The officers grabbed him and threw him down." [Doc. No. 41–3, at p. 15.]

The SHO also considered defendant Duarte's statement as described above. In addition, the SHO considered statements by three other officers who were nearby at the time of the incident. All three of these officers supported defendant Duarte's statement that plaintiff turned abruptly to the left toward defendant Duarte during the search. Two of these officers said they saw plaintiff's head strike defendant Duarte's right shoulder. [Doc. No. 41–3, at p. 16.] In his defense, plaintiff argued that defendant Duarte and the other officers were fabricating the facts "to cover the unnecessary use of force." [Doc. No. 41–3, at p. 17.]

Based on the evidence, the SHO found that defendant Duarte was searching plaintiff when plaintiff turned and attempted to strike defendant Duarte's face with his head. However, plaintiff missed and hit defendant Duarte's shoulder. The SHO specifically concluded that the officers descriptions of a "deliberate assault" by plaintiff against defendant Duarte were more credible than plaintiff's claim that the battery was fabricated by the correctional officers to avoid a claim of excessive force. The SHO also concluded plaintiff would have continued to resist and strike defendant Duarte if he had not been restrained. In other words, the SHO concluded it was reasonable for defendant Duarte to take steps necessary to restrain plaintiff. The SHO's conclusion is based on defendant Duarte's statement that he "forced [plaintiff] to the ground" in response to plaintiff's aggressive act. [Doc. No. 41–3, at p. 4.] Based on the evidence presented, the SHO found plaintiff guilty of battery on a peace officer in violation of Section 3005(d) of the California Code of Regulations.[2] As a result, the SHO assessed a 150–day forfeiture of good time credits. [Doc. No. 41–3, at p. 17.]

Plaintiff's excessive force allegations arise out of the same facts considered by the SHO in the prison disciplinary proceeding. No facts are alleged that could be construed as "divisible" from those determined by the SHO. In order to prevail on his cause of action of excessive force under Section 1983 as alleged in the Complaint, plaintiff would have to prove that the facts are entirely inconsistent with the SHO's findings.[3] Specifically, plaintiff

2. Section 3005(d)(1) of the California Code of Regulations states as follows: "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person."

3. In contrast to the factual findings made by the SHO, plaintiff testified in his deposition that defendant Duarte held his cuffed wrists to guide him out of the cell so that he was facing the wall outside the cell door. [Doc. No. 41–4, at p. 8–9.] According to plaintiff, defendant Duarte did not conduct a search of his person. Rather, he felt defendant Duarte

would have to prove that defendant Duarte did not conduct a lawful search but instead shoved plaintiff's face into the wall without warning, that the battery on defendant Duarte was either unintentional or fabricated, and that defendant Duarte did not act reasonably when he took steps to restrain plaintiff. Proof of these facts would be fundamentally inconsistent with the findings made by the SHO in the prison disciplinary proceeding and imply the invalidity of the results of this proceeding. It is therefore RECOMMENDED that the District Court GRANT defendant Duarte's Motion for Summary Judgment based on *Heck v. Humphrey*, 512 U.S. at 477, 114 S.Ct. 2364, and *Edwards v. Balisok*, 520 U.S. at 641, 117 S.Ct. 1584.

### C. Effect of Plaintiff's Criminal Battery Conviction

■■■ Plaintiff also contends that his guilty plea to criminal battery against a custodial officer is not enough to bar his excessive force claim under the favorable termination doctrine because his plea was made pursuant to *People v. West*[4] and he did not admit to any particular facts as part of his plea. [Doc. No. 42, at p. 6–9.] Because he did not admit to any particular

facts, plaintiff believes that his criminal conviction for battery does not provide a factual basis to preclude his excessive force claim. According to plaintiff, all that is necessary for a conviction under Section 243.1 is the "slightest touching," so it is possible for plaintiff to show his conduct during the event on October 6, 2009 was only minor and defendant Duarte's response to this conduct constituted excessive force. Plaintiff believes the force applied by defendant Duarte was excessive because plaintiff's leg was broken during the incident. In short, plaintiff argues that the battery conviction is not necessarily inconsistent with his claim of excessive force.

Plaintiff's argument ignores the effect of the specific factual findings made by the SHO in the prison disciplinary proceeding. It also ignores the evidence in the record establishing that the facts determined by the SHO in the prison disciplinary proceeding are the exact same facts that served as the basis for the criminal battery charge and conviction. The record shows that on June 22, 2010, after the prison disciplinary proceeding was completed, plaintiff was charged in a felony Complaint

---

grab him by the neck and slam his face into the wall. [Doc. No. 41–4, at p. 9–10.] Believing defendant Duarte intended to slam his face into the wall again, plaintiff then turned his body "to the left." Defendant Duarte grabbed his shoulders from behind and tried to push him to the floor. Plaintiff stumbled a few feet and purposely lowered himself to the floor to avoid being slammed to the floor by defendant Duarte. [Doc. No. 41–4, at p. 11.] Plaintiff also testified that the entire incident "happened fast" or "instantaneously" and took only about 10 to 15 seconds. [Doc. No. 41–4, at p. 11–13.]

**4.** Pursuant to *People v. West*, 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409 (Cal.1970), "[i]t is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime …, nor does the trial court have to be convinced of defendant's

guilt." *People v. Holmes*, 32 Cal.4th 432, 441, 9 Cal.Rptr.3d 678, 84 P.3d 366 (2004). However, California Penal Code Section 1192.5. requires California trial courts to ensure that "there is a factual basis for the plea." Cal. Penal Code § 1192.5. "[T]he trial court must garner information regarding the factual basis either from the defendant or defense counsel." *People v. Holmes, supra*, 32 Cal.4th at p. 442, 9 Cal.Rptr.3d 678, 84 P.3d 366. "If the trial court inquires of defense counsel regarding the factual basis, counsel may stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement." *Id.* Although defendant cites a probation report in support of the summary judgment motion, the parties did not agree to this document as a factual basis for the plea.

filed in El Centro Superior Court with a violation of California Penal Code Section 4501.5, battery on a non-confined person by a prisoner, based on an incident that occurred on October 6, 2009. The non-confined person was identified as defendant Duarte. [Doc. No. 41–2, at p. 5.]

As evidenced by a written plea agreement dated August 5, 2010 and a transcript of the change of plea hearing, the charge was amended to allege a violation of California Penal Code Section 243.1, battery against a custodial officer in the performance of his duties. The plea agreement states that plaintiff agreed to plead "no contest" to the charge of "battery against [a] custodial officer in [the] performance of [his] duties" under California Penal Code Section 243.1.[5] In exchange for his plea of no contest, the prosecutor agreed to a dismissal of all remaining charges and special allegations and a prison term of sixteen (16) months. The plea agreement specifically states that plaintiff agreed to plead no contest" to the charge in order to avoid a "harsher consequence" of "25 years to life" if he did not prevail at a trial by jury. [Doc. No. 41–2, at pp. 9–10; Doc. No. 41–2, at p. 18.]

During the change of plea hearing, the Superior Court asked for a factual basis for the plea. [Doc. No. 41–2, at p. 17.] Defense counsel responded as follows: "Well, for the record, it is a plea pursuant to the case *People v. West*, and I guess that if the People were to call a witness they will call Officer Duarte who would say that [plaintiff] attempted to head-butt him, and it—may have touched his arms." The Superior Court and the prosecutor agreed this was a sufficient factual basis for the

no contest plea. [Doc. No. 41–2, at p. 18.] In accordance with the plea agreement, the El Centro Superior Court sentenced plaintiff to sixteen (16) months in state prison. [Doc. No. 41–2, at p. 34.] As a result of this same incident, plaintiff admitted in his deposition that he pled guilty to "battering" or "head butting" defendant Duarte. [Doc. No. 41–4, at pp. 15–16.]

Essentially, plaintiff would have the Court view his criminal conviction for battery against a custodial officer under California Penal Code Section 243.1 in isolation as if the findings in the prison disciplinary proceeding did not exist. If anything, plaintiff's conviction under California Penal Code Section 243.1 is further support for defendant Duarte's contention that plaintiff's excessive force claim under Section 1983 is barred under the favorable termination doctrine. As outlined above, the record establishes that the criminal battery conviction under Section 243.1 arises out of the exact same incident and conduct that was the subject of the prison disciplinary proceeding, even though plaintiff did not admit to a specific factual basis for the conviction on the record in open court. When plaintiff pled "no contest" to this offense, the SHO had already made factual findings against plaintiff in the prison disciplinary proceeding, and the same evidence would be admissible in a criminal trial. Indeed, it is apparent that this evidence was the impetus for the "no contest" plea.

■ During his change of plea hearing, plaintiff was advised that his plea of "no contest" would be treated as a guilty plea for all purposes. [Doc. No. 41–2, at p. 18.]

---

5. To prove that a state prisoner is guilty of violating Section 243.1, the People must prove that: (1) the custodial officer was acting within the scope of his or her duties; (2) the prisoner willfully and unlawfully touched the custodial officer in a harmful or offensive manner; and (3) when the prisoner acted, he knew, or reasonably should have known, that the custodial officer was performing his duties. *People v. Gutierrez*, 174 Cal.App.4th 515, 521, 94 Cal.Rptr.3d 228 (2009). A custodial officer is not acting within the scope of his or duties when unreasonable or excessive force is used. *Id.* at 525, 94 Cal.Rptr.3d 228.

"[T]he plea is deemed to constitute a judicial admission of every element of the offense charged." *People v. Chadd,* 28 Cal.3d 739, 748, 170 Cal.Rptr. 798, 621 P.2d 837 (1981). As noted above, plaintiff necessarily · admitted that defendant Duarte was acting lawfully and without excessive force during the incident on October 6, 2009, as this is one of the elements of a conviction under Section 243.1. Thus, success on the merits of plaintiff's excessive force claim, would not only imply the invalidity of the prison disciplinary proceeding but would also imply the invalidity of his criminal battery conviction. He is therefore precluded from pursuing his excessive force claim against defendant Duarte unless he is able to invalidate or overturn the findings made in the prison disciplinary proceeding and his criminal battery conviction. Plaintiff has not submitted any evidence to even suggest he has succeeded in invalidating or overturning either of these cases and the resulting convictions. For these reasons, and the other reasons described herein, it is RECOMMENDED that the District Court GRANT defendant Duarte's Motion for Summary Judgment based on *Heck v. Humphrey,* 512 U.S. at 477, 114 S.Ct. 2364, and *Edwards v. Balisok,* 520 U.S. at 641, 117 S.Ct. 1584.

### Conclusion

Based on the foregoing, this Court RECOMMENDS that defendant's Motion for Summary Judgment be GRANTED. This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by *February 15, 2013.* The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by *March 1, 2013.*

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.